The Chancellor.
The property involved in this suit, consists of a lot of land in Camden, upon which there are six small-houses. The complainant was formerly the owner of the lot,, and built the houses to let, but becoming embarrassed, they were 6old by the sheriff of Gloucester to the defendant, on the twenty-sixth of October, eighteen hundred and thirty-nine, on executions at law, (subject to incumbrances,) for three thousand and sixty dollars. "Whether any valid objection existed to this sale- or not, is not now to be settled, but the complainant felt himself aggrieved by it, and being in possession, the defendant, who-was the purchaser, on the twenty-eighth of November, soon after the sale, agreed by writing, under his hand and seal, toreconvey the property to him, upon being repaid his purchase money with interest and expenses, within six months from the time of the sale, provided the complainant raised the money upon mortgage upon the premises for the term of five years, and the reconveyance was so made as to enure to the benefit of the complainant alone and not other persons. There was this further condition, that the defendant should have immediate possession of the premises, and receive the rent to his own use,, but in case of repayment by the complainant, as contemplated, *231 the defendant was to account for the rents and profits, after deducting repairs. This agreement was made in a spirit of liberality and good feeling to the complainant, who is represented as an aged man and unfortunate m business. It was designed, no doubt, to benefit him alone,and not his creditors or any other person. The bill is filed for a specific performance of this agreement, and we are to see whether any good reason is urged against its being fulfilled.
Before the time for the redemption, as fixed by the agreement, arrived, Judge Eogers, with other friends of the complainant, determined to assist him, and the other persons failing to aid in the matter, the judge agreed to do it himself. He accordingly raised the money at the Camden bank, and made several efforts to get the defendants to convey the property for the complainant’s benefit, but he failed in all. Mr. Wells, finally, acting in behalf of judge Eogers, who had become infirm, put the question, as he says, direct to the defendant, to know whether he intended to do anything in the business, and he signified to him that he did not. Here the matter ended. No question is made on the tender of the money; the defendant agreed to make no objections on that score. It was a certified check for three thousand dollars, acknowledged on all hands to be good, and the amount, after deducting the rents of the property, must, I think, have been sufficient.
But it is said by the defendant’s counsel, that there is no mutuality in this agreement; the paper was signed by the defendant alone, and therefore no specific performance can be decreed. The cases are far from being uniform on this subject. Chancellor Kent, in 1 John. Chan. 373, does indeed state it to be his opinion, that a specific performance cannot be sustained, when one party only is bound by the agreement; and yet in 7 Vesey, 265, and 9 Vesey, 351, as he states himself, a contrary doctrine prevailed. The case in 11 Vesey, 592, does not, in my view, overrule these decisions, but says, that lord Eedesdale has intimated a doubt whether the court would perform a contract signed by one party, the other not having signed it, and nothing *232 Having been done upon it. This is also the purport of the decision in 1 Schoales and Lefroy, 13. It must be remarked, that chancellor Kent does not decide the case in 1 John Chan. 373, on this point. The view I take of the present case, renders it unnecessary to settle the question how far the court will interfere, when one party only is bound and nothing has been done under the agreement, for here was an express condition, that the complainant should deliver the possession of the property to the defendant, and put him in receipt of the rents. This was done, and the rents have actually been received by the defendant, and he cannot now say, after a performance by the complainant, that there was no mutuality. The complainant did not, indeed, sign the paper, and it was never intended that he should, but the papers contained conditions on his part, which the evidence shows he faithfully performed. The case is this : a party signs an agreement to do certain things, after the other shall have performed on his part conditions which are precedent; these conditions being performed, upon requiring the party who signed the agreement to fulfill on his part, he says, I am not bound, because you never signed the agreement. I can see no propriety in such a view of the case. There was a mutuality in the very terms of the agreement, and in the language of the cases, something has been, done under it, and there is no doubt it had the effect, beside, to quiet all question as to the sheriff’s sale.
As little justice do I perceive in the remaining ground taken by the defendant’s counsel, that the money was not raised by mortgage for five years on the property. This was virtually so dono; judge Rogers bound himself to the complainant, that he should have the power, at any time within five years, to redeem the property ; he proposed to take a deed with this qualification. Indeed, it would seem the parties were willing to take the deed in any way that could enable the complainant, at any ' time within five years, to regain his property, for his own benefit. This was within the spirit of the defendant’s agreement. There is nothing in the case that shows the interference of judge Ro *233 gers to have proceeded on any selfish ground. He came forward and designed to befriend the complainant by lending him this money, with power to repay it and take the property within five years. But the defendant declined to do any thing about it, which caused this bill to be filed.
Upon the complainant thus tendering the defendant his money, he was bound to make out and deliver him a deed for the property, and failing to do so, the complainant was entitled to come here for the aid of the court. It is true that the defendant cannot be required to vary his agreement, but he must carry it out in its true spirit and meaning. The deed can only be required to be made to Mr. Laning, the complainant, for such is the defendant’s agreement, and that too upon the complainant having a loan of the money for five years from the time the money was tendered by judge Eogers. There was, indeed, from the evidence, some ambiguity in the negoeiations between the defendant and judge Eogers, and his friend Mr. Wells ; but looking at the substance of what then passed, and the motives which evidently actuated judge Eogers, there is enough to induce me to think the complainant did sufficient to entitle him, at the hands of the defendant, to be restored to the title of his property.
There must be a reference to a master, to ascertain the amount paid by the defendant for the property, with interest and expenses; also, the amount received by him for rents and profits after deducting repairs. The question as to costs and further equity, reserved.
Order accordingly.
Cited in Young v. Paul, 2 Stock. 406; Cutting v. Dana, 10 C. E. Gr. 274.